The Honorable Booker T. Clemons State Representative 3408 South Virginia Street Pine Bluff, AR 71601-7395
Dear Representative Clemons:
I am writing in response to your request for my opinion on the following question:
 Under A.C.A. § 14-51-301(b)(7)(B), it states during the period, the probationer may be discharged, in case of an appointment, or reduced, in case of promotion, by the chief of the police or the chief of the fire department. I would like a ruling on if the probationer were discharged, is there a right to an appeal?
RESPONSE
It is my opinion that the answer to this question is "no." The right of appeal is only available to those who have completed the probation period.
Subsection 14-51-301(b)(7) states under subparagraph (A) that the civil service commission's rules and regulations shall provide for:
 A period of probation not to exceed twelve (12) months before any appointment is complete and six (6) months before any promotion is complete.
A.C.A. § 14-51-301(b)(7)(A) (Supp. 2005) (emphasis added).[1]
Subparagraph (B) of this subsection then states:
 During the period, the probationer may be discharged, in case of an appointment, or reduced, in case of promotion, by the chief of the police or the chief of the fire department[.]
Id.
There is no mention in subsection 14-51-301(b)(7)(B) of a right to an appeal. When A.C.A. § 14-51-301 is read as a whole, consistent with rules of statutory construction (see generally Cloverleaf Express v. Fouts,
No. CA 04-921 (Ark.App. Apr. 4, 2005)), it can be seen that this silence means there is no such right in the case of a probationer. Specifically, subsection (b)(11) of § 14-51-301 requires that the commission rules and regulations include the following with respect to those whose appointment or promotion is "complete":
 (11)(A) Discharge or reduction in rank or compensation after promotion or appointment is complete, only after the person to be discharged or reduced has been presented with the reasons for the discharge or reduction in writing.
 (B)(i) The person so discharged or reduced shall have the right, within ten (10) days from the date of notice of discharge or reduction, to reply in writing.
 (ii) Should the person deny the truth of the reasons upon which the discharge or reduction is predicated and demand a trial, the commission shall grant a trial as provided in this chapter.
 (iii) The reasons and the reply shall constitute a part of the trial and be filed with the record[.]
A.C.A. § 14-51-301(b)(11) (Supp. 2005) (Supp. 2005) (emphasis added).
The right to "demand a trial" (subsection (b)(11)(B)(ii), supra) therefore extends to those whose appointment or promotion is "complete." Arkansas Code Annotated § 14-51-308 clarifies and expands upon this "trial," which is held before the board of civil service commissioners.See A.C.A. § 14-51-308(a) through (d) (Supp. 2005). Section 14-51-308
also provides for a "right of appeal" to circuit court from the commission's decision. Id. at subsections (e) and (f). This right extends to both the city and the employee. Id. at (e)(1)(A).
To the extent any question remains regarding the meaning of A.C.A. §14-51-301(b)(7)(B), supra, which makes no mention of appeal rights, it is appropriate to place it beside A.C.A. § 14-51-308, supra, and derive its meaning from the "combined whole." See Hercules, Inc. v. Pledger,319 Ark. 702, 706, 894 S.W.2d 576, 578 (1995) (stating the general rule that in construing any statute, the court "will place it beside other statutes relevant to the subject matter in question, giving it meaning and effect derived from the combined whole.")
When Sections 14-51-301 and -308 are read together and considered as a whole, consistent with established principles of statutory construction, I believe it becomes clear that a probationer who is discharged by the police or fire chief, or who is reduced before his or her promotion is complete, has no right of appeal. The answer to your question is therefore "no" in my opinion.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] See also A.C.A. § 12-9-106(a) (Repl. 2003) (regarding certification requirements, providing that "no person shall be appointed as a law enforcement officer, except on a temporary basis not to exceed one (1) year, unless the person has satisfactorily completed a preparatory program of police training at a school approved by the [Arkansas Commission on Law Enforcement Standards and Training."]